Jesse R. **FLORES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 56741.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 20, 1978.

Rehearing En Banc Denied Feb. 21, 1979.

Eugene H. Lieck, San Antonio, Antonio G. Cantu, on appeal only, San Antonio, for appellant.

Bill M. White, Dist. Atty., Gordon V. Armstrong, Lawrence J. Souza and Roy R. Barrera, Jr., Asst. Dist. Attys., San Antonio, for the State.

## OPINION

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

ONION, Presiding Judge.

This is an appeal from a conviction for murder, wherein the jury assessed punishment at life imprisonment.

Appellant's counsel on appeal has raised several grounds of error, but in view of our disposition of the case only one of them will require discussion. That ground of error alleges in substance that appellant was denied effective assistance of counsel at trial.

The record reflects that appellant was involved in a shooting incident which resulted in a charge of murder being brought against him. On April 9, 1976, an attorney was appointed to represent him after it was found by the court that he was too poor to employ counsel. Also at that time, the trial was docketed for August 16, 1976.

The appointed counsel testified at the trial and at the hearing on the motion for new trial that on April 21, 1976, after he had completed some legal research on the case and had his initial interview with appellant, he filed a motion for the court to have an investigator appointed to assist him. On the same day, in accordance with the usual practice in Bexar County at the time, the court appointed a specific investigator to assist appellant's counsel. On the following day, appointed counsel telephoned the investigator and was promised some information in the case in ten days and a thorough investigation after that. About three months later, after receiving nothing at all from the investigator, appointed counsel on July 8, 1976, wrote to the appointed investigator requesting a complete written report. No response was received to this request and on or about the first day of August appointed counsel was able to reach the investigator by telephone and was promised that he would have a full report prior to the trial on August 16. No report was ever received by counsel.

Just prior to the trial commencing, appointed counsel requested a delay for one week, stating, "If the man (the appointed investigator) can't get it done I will get somebody to do it and pay it out of my pocket. But, I just can't go to trial today." Appointed counsel candidly testified under oath that he had not conducted a factual investigation, that he had not spoken to any witnesses, and that he had not previously brought to the court's attention the lack of cooperation on the part of the appointed investigator. The court denied the motion for delay after merely ascertaining that this was not a capital murder case.

As this court stated in *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr.App.1977):

"Any claim of ineffective assistance of counsel must be determined upon the particular circumstances of each individual case. *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr.App.1976); *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974).

"The adequacy of an attorney's services must be gauged by the totality of the representation, *Williams v. State*, 513 S.W.2d 54 (Tex.Cr.App.1974); *Coble v. State*, 501 S.W.2d 344 (Tex.Cr.App.1973), and the allegations of ineffective representations will be sustained only if they are firmly founded. *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App.1974); *Long v. State*, 502 S.W.2d 139 (Tex.Cr.App.1973)."

Where counsel is appointed, as here, the test is whether the defendant was provided with reasonably effective assistance of counsel. *Ex parte Gallegos*, supra, and cases therein cited.

Here there were two people other than appellant and the deceased who were present at the actual shooting. One of them was the driver of the car in which the deceased was riding when he was killed and, although he was the State's primary witness, he was never contacted by the defense prior to the time he took the stand to testify. The other eyewitness was a casual friend of appellant known only as Larry who was riding with appellant when the killing occurred. Although appellant testified that he did not know the last name and location of Larry, there was nothing in the record to indicate that efforts were made to contact and interview Larry to corroborate appellant's testimony as to the circumstances of the shooting. Two go-go dancers, one of whom was a fairly close acquaintance of appellant and the other was known only as Sheba to appellant, were not interviewed by the defense prior to their testimony as to the background and possible motive for the shooting. The six police officers who testified were not interviewed by the defense prior to trial.

It is fundamental that an attorney must acquaint himself not only with the law but also the facts of a case before he can render reasonably effective assistance of counsel. The size of the burden on the counsel to acquaint himself with the facts will vary of course depending upon the complexities of the case, the plea to be entered by the accused, the punishment that may be assessed, and other such factors, but that burden may not be sloughed off to an investigator if one is appointed. It is counsel's responsibility.

Here the appointed counsel for an indigent defendant charged with murder who could, and did, receive a life sentence relied on an appointed investigator to produce at the last moment a thorough investigation when the investigator had already months before promised the same thing and then did not bother to contact the attorney even after the attorney wrote to him about it. Such trust was sorely misplaced and as a result neither the investigator nor the counsel did the job they were appointed to do.

The trial court, which should have been contacted much earlier by counsel as to the derelictions of the investigator, heard the full story and knew that counsel was totally unprepared for trial, yet routinely denied the motion for a week's delay after ascertaining only that this was not a capital case.

In applying the reasonably effective assistance standard to the facts here, we must conclude, based on the actions of the appointed investigator, the appointed counsel, and the trial court, that appellant was denied the effective assistance of counsel.

The judgment is reversed and the cause remanded.