**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 01-40270**

---

**CALVIN KING,**

**Petitioner-Appellant,**

**VERSUS**

**JANIE COCKRELL, Director, Texas Department**
**of Criminal Justice, Institutional Division,**

**Respondent-Appellee.**

---

Appeal from the United States District Court
for the Eastern District of Texas
(98-CV-377)

---

February 26, 2002

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant, Calvin King (King), was convicted and
sentenced to die in Texas state court for the murder of Billy Wayne
Ezell (Ezell). King now requests a certificate of appealability
(COA) to appeal the district court's denial of habeas corpus relief

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under 28 U.S.C. § 2254 on the basis of ineffective assistance of counsel. Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefings, we find that King has not made a substantial showing that he was denied effective assistance of counsel. Therefore, we DENY King's application for a COA.

## BACKGROUND

Ezell was found stabbed to death on February 26, 1994. The record reflects that Ezell and a friend had recently withdrawn $25,000 from a bank to purchase crack cocaine, which they intended to sell. On February 25, King rented room 38 at the Cedar Sands Motel in Beaumont, Texas. That night, Leonard Johnson, Carlette Gibbs, and Danyell Williams joined King in room 38 and smoked crack cocaine into the early morning hours of the next day. Ezell sold crack to King and Johnson and went in and out of room 38 several times during the evening. Ezell was seen going into room 38 shortly before his body was found there.

On February 26, King returned to his apartment, which he shared with Danyell Williams. King's shirt was bloody and he was in possession of crack cocaine and blood stained money. King, Johnson, Gibbs, and Williams washed the blood out of the money. King told Williams that "he had to kill a white boy because the white boy was trying to kill" him.[1]

---

[1] The record does, in fact, reflect that Ezell was white.

2

On June 22, 1995, King was found guilty of capital murder, and sentenced to death in the Criminal District Court of Jefferson County, Texas, No. 66665, on June 23, 1995. The Texas Court of Criminal Appeals affirmed the conviction and death sentence on September 24, 1997. *King v. State*, 953 S.W.2d 266, 267 (Tex. Crim. App. 1997). King filed a writ of habeas corpus in state court on March 16, 1998, in which he presented his claim of ineffective assistance of counsel. After an evidentiary hearing, the state district court recommended that relief be denied. On February 17, 1999, the Texas Court of Criminal Appeals adopted the trial court's findings of fact and conclusions of law, and denied King's state writ of habeas corpus. *Ex Parte King*, Writ No. 39,429-01.

On October 15, 1999, King filed a federal habeas petition, again claiming ineffective assistance of counsel. On November 15, 2000, the magistrate judge assigned to the case entered proposed findings and recommended denying King's requested relief. The district court adopted the magistrate judge's findings and recommendation and denied relief on February 6, 2001. The district court denied the COA in an order dated May 11, 2001. King now seeks a COA to appeal the district court's ruling.

## STANDARD OF REVIEW

King's application for a COA is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, in order for King to be successful in his request for a COA, he must

3

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). King must accomplish this task by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

This Court will determine whether a COA should issue by "viewing the petitioner's arguments through the deferential scheme laid out in [AEDPA]." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000) (citing 28 U.S.C. § 2254(d)). A state court's adjudication of the issues raised in the habeas petition must receive deference under AEDPA, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct." § 2254(e)(1). The petitioner, therefore, bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Significantly, in capital cases, doubts as to whether a COA should issue must be resolved in favor of the petitioner. *Lamb v. Johnson*, 179 F.3d 352, 356 (5th Cir. 1999).

4

King contends that his trial counsel was ineffective as a result of: (1) the manner in which counsel investigated the facts of the case; (2) counsel's failure to preserve objections for appellate review; and (3) counsel's failure to investigate and use certain mitigation evidence in the punishment phase of the trial. The Supreme Court has clearly stated that a person's "right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). If a convicted defendant is to be successful in making a claim that counsel's performance was so deficient as to require the reversal of a conviction or death sentence, two prongs must be met: (1) the defendant must show that counsel's performance was deficient, and (2) the defendant must show that the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. A court need not address both prongs of this test. *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Rather a court "may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Id.*

### A. Trial counsel was not ineffective for the manner in which they investigated the facts of the case.

King contends that his trial counsel were ineffective in the manner that they investigated the facts of the case for two reasons. First, King argues that counsel was ineffective because they relied on a court-appointed investigator to interview

5

witnesses. However, as the state habeas court and the federal district court noted, neither **Strickland** nor any other authority has ever concluded that utilizing a court-appointed investigator to interview witnesses amounts to the ineffective assistance of counsel. Without more evidence, King's argument is nothing more than conclusory. As this Court has held, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." **Green v. Johnson**, 160 F.3d 1029, 1042 (5th Cir. 1998). Therefore, this argument fails.

Second, King argues that counsel was ineffective because they met with him on only two occasions prior to the commencement of trial. King's only supporting authority for this argument is **Flores v. State**, 576 S.W.2d 632 (Tex. Crim. App. 1978). In **Flores**, an appointed investigator failed to conduct an investigation. **Id.** at 633. As a result, counsel was forced to go to trial without adequate knowledge of the facts of the case. **Id.** However, **Flores** does not apply in this case. King has not demonstrated that his counsel had an inadequate knowledge of the facts of the case when they went to trial. On the contrary, the record from King's state habeas proceeding indicates that trial counsel was very knowledgeable about the facts of the case. Therefore, we conclude that this argument also must fail.

**B.   Trial counsel was not ineffective when they chose not to pursue motions for mistrial.**

King also contends that, after making proper objections, trial counsel were ineffective for failing to preserve error for appeal by not asking the court for a jury instruction or moving for a mistrial on a number of occasions.  King acknowledges that none of these occasions individually can amount to ineffective assistance of counsel.  Rather, King argues that it is the cumulative effect of all these occasions that amounts to ineffective assistance of counsel.

The federal district court noted that King's trial counsel conceded that their performance in this respect was deficient.  Thus, the court turned to whether King was able to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.   "Reasonable probability" means a probability sufficient to undermine confidence in the outcome of the proceeding.  *Id.*

King contends that there is a reasonable probability that the outcome of his trial would have been different had his counsel followed through on their objections because members of the jury would have been instructed to disregard evidence that they would otherwise have been able to weigh however they chose.  However, in all of the instances that King alleges to have been prejudiced by testimony that should not have been admitted, the district court

7

found that the testimony was cumulative of other testimony that was admitted without objection.

Having reviewed the record, we agree with the district court that the evidence in question was cumulative. This court has found that under **Strickland**, there is no prejudice when testimony is duplicative of other testimony admitted at trial. **Emery v. Johnson**, 139 F.3d 191, 197 (5th Cir. 1998). Again, we find that King's assertions that the outcome of his trial would have been different had the jury been instructed on numerous occasions to disregard evidence are merely conclusory.

In addition, King complains that counsel failed to request a jury instruction to disregard testimony that King intended to rob Ezell, that counsel failed to persist in objecting to hearsay testimony, and that counsel failed to request a mistrial based on remarks made during the prosecutor's closing arguments. In all of these instances, we agree with the district court that King argues no facts or law that demonstrate prejudice. Thus, we conclude that reasonable jurists would not disagree with the district court's findings that any errors that may have been committed by King's trial counsel were insufficient to undermine confidence in the outcome of the trial.

**C.** **Trial counsel was not ineffective for not introducing additional mitigation evidence during the punishment phase of the trial.**

Finally, in his application for COA, King maintains that trial

8

counsel failed to "investigate any possible 'avenues' provided by readily obtainable sources to prepare and/or present mitigating evidence."  We disagree.

This Court has held that a trial counsel's decision not to present mitigation evidence is not *per se* ineffective assistance of counsel.  *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999); *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997).  The record in this case shows that counsel sufficiently pursued different avenues to obtain mitigation evidence.  The fact that counsel made a strategic decision "not to pursue and present potential mitigating evidence on the grounds that it is double-edged in nature is objectively reasonable, and therefore does not amount to deficient performance."  *Rector*, 120 F.3d at 564.  And, if that strategic decision is an informed decision, it is "well within the range of practical choices not to be second-guessed."  *Id*.

## CONCLUSION

Both the state courts and the federal district court concluded that King received effective assistance of counsel throughout his trial.  We agree.  King has not shown that reasonable jurists would have found that decision to be debatable or wrong.  As a result, we find that King has failed to make a substantial showing that he was denied a constitutional right.  Therefore, we DENY King's application for a COA.

9