Opinion issued March 6, 2008
 


    










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00971-CR
____________

DARRYL WAYNE TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellees




On Appeal from 177th District Court
Harris County, Texas
Trial Court Cause No. 1057759



 
MEMORANDUM OPINION

          A jury convicted appellant, Darryl Wayne Taylor, of aggravated robbery with
a deadly weapon and, having found true the enhancement paragraphs alleging prior
convictions for aggravated assault and burglary of a building, assessed punishment
at 40 years in prison. We determine whether the trial court abused its discretion in
denying appellant’s motion for new trial alleging ineffective assistance of counsel for
having failed to interview appellant’s family members and to present their alibi
testimony and mitigating evidence to the jury. We affirm.
Facts
          On the evening of February 13, 2006, Eduardo Delgado, Jose Chavez, and Jose
Negrete were at Northline Mall. While they were walking toward the mall entrance,
appellant approached and pointed a gun in Delgado’s face while thrice saying, “Give
me your keys.” Appellant also demanded money from the men. When the men
refused appellant’s demands, he left and walked into the mall. Chavez and Negrete
followed appellant into the mall, out the other side of the mall, and to an apartment
complex on Fulton. At the apartment complex, appellant pointed the gun at Chavez. 
Nevertheless, Chavez followed appellant to an apartment. Delgado had followed
appellant from the mall in his car. The men heard a gun shot, and Chavez observed
appellant outside his apartment with the gun in his hand. The men went to a nearby
gas station and told Houston Police Officer Walker what had happened and provided
a description of appellant. Officer Walker, along with Delgado , Chavez, and
Negrete, drove to the apartment complex where Walker had seen appellant standing
near apartment 16. Delgado, Chavez, and Negrete positively identified appellant as
the person who had committed the robbery. Walker recovered one live round of
ammunition from appellant’s pocket and one spent round from the parking lot; both
were .380 caliber of the same brand. Ineffective Assistance of Counsel
           In his sole point of error, appellant contends that the trial court abused its
discretion by denying his motion for new trial that raised ineffective assistance of
counsel based on trial counsel’s failure (1) to contact and to subpoena witnesses
present at the scene to rebut testimony of State’s witnesses, (2) to present character
witnesses during the punishment phase of trial, and (3) to present evidence regarding
the difference in size between appellant and his brother. For the first time on appeal,
appellant also argues that the missing witnesses would have rebutted testimony
concerning the global positioning system that monitored appellant.
A.      Background
          The trial court conducted a hearing on appellant’s motion for new trial based
on affidavits. Appellant provided his own affidavit and supplemental affidavit and
affidavits of his mother and brother to support the arguments that appellant again
makes on appeal. Appellant’s mother and brother stated that they had been able and
willing to testify at trial had counsel only asked; that they were present during the
time frame of the robbery; that appellant did not leave the apartment complex; that
the electronic monitoring system often gave false readings; and that appellant and his
brother were similar in size. They would also have testified favorably to appellant at
punishment. Appellant’s affidavit averred that trial counsel never asked him for
names of persons who could testify on his behalf; never called his mother or brother,
who would have testified in his favor; and came to the jail to visit him only once in
eight months. In his supplemental affidavit, appellant also denied having been asked
if he wanted his family to testify or having said that he did want them to testify on his
behalf. 
          The State produced the affidavit of appellant’s trial counsel, who testified (1)
that appellant told counsel that he was outside his residence by himself at the time of
the offense; (2) that appellant told counsel that there were no alibi witnesses; (3) that
appellant told counsel that the electronic monitor that he wore for parole would
establish that he had never left his home area; and (4) that when counsel asked about
family members who were at home, appellant told counsel to leave his family out of
it. Despite appellant’s instructions not to contact appellant’s family, trial counsel
made several efforts to do so, without success. Trial counsel’s investigation of the
case included two visits to the scene of the crime. Trial counsel also retained a
private investigator to investigate the case and to interview witnesses.
          Counsel also averred that when he told appellant that the electronic monitor
records showed that appellant had been away from his residential area at precisely the
time of the robbery, appellant screamed at counsel and accused counsel of working
for the district attorney. Regarding the height of appellant’s brother, trial counsel
stated that if appellant had told him that he and his brother were the same height and
that his brother was present in the court room, when a State’s witness testified that
appellant’s brother was taller, then counsel would have brought out the similarity in
height. Trial counsel stated that appellant’s family members did not identify
themselves in court when he asked if any were present each day before the start of
trial proceedings and that appellant did not tell him that any family members were
present. Trial counsel stated that, if he had known that family members were present
in court, he would have again attempted to meet and to interview them. Trial counsel
stated that he would not have presented them as alibi witnesses, in any case, in view
of appellant’s having told him that appellant was outside by himself when the robbery
occurred. As for calling appellant’s family members as character witnesses, trial
counsel averred that he would have considered doing so if he had been able to contact
them. 
B.      Standard of Review
          In Charles v. State, the Court of Criminal Appeals set out the standard for
reviewing a trial court’s ruling on a motion for new trial:
An appellate court reviews a trial court’s denial of a motion for new trial
under the “abuse of discretion” standard. We do not substitute our
judgment for that of the trial court, but rather we decide whether the trial
court’s decision was arbitrary or unreasonable. We must view the
evidence in the light most favorable to the trial court’s ruling and
presume that all reasonable factual findings that could have been made
against the losing party were made against that losing party. Thus, a
trial court abuses its discretion in denying a motion for new trial only
when no reasonable view of the record could support the trial court’s
ruling.
 
Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (citations omitted).
This deferential standard of review applies even to the trial court’s resolution of the
historical facts from conflicting affidavits. Manzi v. State, 88 S.W.3d 240, 244 (Tex.
Crim. App. 2002).
C.      The Law
          The United States Supreme Court has established a two-pronged test for
analyzing ineffective-assistance-of-counsel claims: (1) whether counsel’s
performance was deficient and (2) whether the defendant was prejudiced. Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under the first
prong, the defendant must demonstrate that his attorney’s representation fell below
an objective standard of reasonableness under prevailing professional norms. 
Vasquez v. State, 830 S.W.2d 948, 949 (Tex. Crim. App. 1992). In addition,
counsel’s competence is presumed, and the defendant must rebut this presumption
with acts or omissions of counsel that are alleged as ineffective and affirmatively
prove that they fell below the professional norm or reasonableness. Milburn v. State,
15 S.W.3d 267, 269 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). Under the
second prong, the defendant must show a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different. Id. Appellant has the burden of proving ineffective assistance of counsel
by a preponderance of the evidence. Cannon v. State, 668 S.W.2d 401, 403 (Tex.
Crim. App. 1984). 
           It is fundamental that an attorney must acquaint himself not only with the law,
but also with the facts of a case before he can render reasonably effective assistance
of counsel. Flores v. State, 576 S.W.2d 632, 634 (Tex. Crim. App. 1978). In
addition, counsel must make an independent investigation of the facts of the case and
cannot entirely place his reliance on the district attorney’s office or his client’s
version of the facts. McFarland v. State, 928 S.W.2d 482, 501 (Tex. Crim. App.
1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim.
App. 1998). Moreover, it is the counsel’s duty to conduct a reasonable investigation
or to make a reasonable decision that makes particular investigations unnecessary. 
Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. A particular decision to investigate
must be directly assessed for reasonableness in all circumstances, applying a heavy
deference to counsel’s judgements. Id. In conjunction with counsel’s assessment of
what and whether to investigate, the reasonableness of counsel’s actions may be
determined or substantially influenced by the defendant’s own statements or actions. 
Id. An attorney has a professional duty to present all available testimony and other
evidence to support the defense of his client. Ex parte Ybarra, 629 S.W.2d 943, 948
(Tex. Crim. App. 1982); Thomas v. State, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977).
D.      Analysis
           The trial court could have believed appellant’s trial counsel and implicitly
found that trial counsel’s failure to contact appellant’s family members as potential
witnesses was due to appellant’s conduct in telling counsel not to do so and in not
telling counsel if members of his family were present in court. The same may be said
for any testimony that these witnesses might have given regarding electronic
monitoring and any character evidence that they might have given at the punishment
phase of trial. The trial court could reasonably have found that appellant’s counsel
was justified in not seeking to locate and to call alibi witnesses to testify after
appellant had told him that there were none. The trial court could also reasonably
have found that trial counsel was not deficient in failing to develop the difference in
size between appellant and his brother because the trial court could have believed the
evidence that the matter came up for the first time at trial and that appellant did not
call the matter to counsel’s attention.
           Appellant relies on two cases that were reversed for failures of trial counsel to
contact potential witnesses. See Butler v. State, 716 S.W.2d 48 (Tex. Crim. App.
1986); Milburn, 15 S.W.3d 267. Both cases are distinguishable from this case
because they did not involve situations in which the actions (telling counsel to leave
appellant’s family out of it) and inactions (not telling counsel if family members were
present or about the difference in size between appellant and his brother) of appellant
were instrumental in trial counsel’s not contacting appellant’s family members. They
are also distinguishable in that, despite appellant’s telling counsel to leave appellant’s
family out of it, trial counsel made reasonable, albeit unsuccessful, efforts to try to
contact appellant’s family. 
          Accordingly, we hold that the trial court did not abuse its discretion in
implicitly resolving conflicting affidavits in favor of trial counsel and implicitly
finding that appellant did not meet his burden of showing by a preponderance of the
evidence that trial counsel provided ineffective assistance of counsel under the
circumstances of this case. Therefore, we overrule appellant’s sole point of error.
          Conclusion
          We affirm the judgment of the trial court.                                    
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b)