Affirmed and Opinion filed March 17, 2009








Affirmed and Opinion filed March 17, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00635-CR

____________

 

VICTORIA LYNN ALEXANDER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 14

Harris County, Texas

Trial Court Cause No. 1409579

 



 

O P I N I O N

Appellant Victoria Lynn Alexander was convicted of driving
while intoxicated and sentenced to 180 days= confinement,
probated for one year, and a $500 fine.  Appellant contends that the trial
court abused its discretion by denying her motion for new trial, in which she
asserted the State used false testimony to secure her conviction and she
received ineffective assistance of counsel.  We affirm.








I.  Background

The State charged appellant with driving
while intoxicated.  The information alleged that appellant had lost the normal
use of her mental or physical faculties due to the introduction of alcohol,
drugs,[1]
or a combination of a drug and alcohol.

At trial, the State=s key witness was
Officer Richard Maffett, who testified that after stopping appellant for
speeding one night, he noticed she had an odor of alcoholic beverage about her
and bloodshot, glassy eyes.  Appellant admitted she had Asomething to drink
but it wasn=t much@ and had taken Wellbutrin, an
antidepressant, that morning.  Officer Maffett testified that Wellbutrin is a
central nervous system depressant that greatly enhances the intoxicating
effects of alcohol, and that in his opinion appellant could have been
intoxicated by a combination of Wellbutrin and alcohol.  He also testified
regarding the development, reliability, and diagnostic value of the field
sobriety tests (FSTs) that he asked appellant to perform.  According to Officer
Maffett, appellant failed three of the four FSTs administered and refused to
give a blood or breath sample.








Dr. James Watson, appellant=s treating
physician, testified for the defense.  Watson, who had prescribed Wellbutrin to
appellant, contradicted Officer Maffett=s testimony that
Wellbutrin is a depressant or has a synergistic intoxicating effect when
combined with alcohol.  According to Watson, Wellbutrin acts as a stimulant,
and the only warning of a synergistic effect between Wellbutrin and alcohol
mentioned in The Physician=s Desk Reference is an increased
risk of seizures in someone prone to seizures who is also going through alcohol
or sedative withdrawals.  Watson opined that a drug manufacturer would not
merely suggest limiting alcohol consumption (as Wellbutrin=s manufacturer
did) if the consumption of alcohol and the manufacturer=s drug together
caused a synergistic effect.  Finally, Watson testified that appellant did not
seem intoxicated on the video tape, which was admitted into evidence.

After appellant was found guilty and sentenced, she filed a
motion for new trial, asserting the State used false testimony in obtaining her
conviction and that she received ineffective assistance of counsel, among other
things.  The trial court held a hearing on the motion in which both of
appellant=s trial attorneys, Officer Maffett, and Gary Harold
Wimbish, Ph.D. testified.  The trial court allowed appellant=s motion to be
overruled by operation of law.  This appeal followed.

II.  Ineffective Assistance of Counsel

In her second and third issues, appellant contends that the
trial court should have granted her motion for new trial because she received
ineffective assistance of counsel under the Federal and Texas Constitutions. 
Specifically, appellant alleges her trial counsel failed to conduct an adequate
pretrial investigation; failed to seek exclusion of adverse, inadmissible
evidence; and relied on a defensive theory inconsistent with the evidence.

A. 
Standard of Review








Both the Federal and Texas Constitutions guarantee an
accused the right to assistance of counsel.  U.S.
Const. amend. VI; Tex. Const.
art. I, ' 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2008).  This right necessarily includes the right to reasonably
effective assistance of counsel.  Strickland v. Washington, 466 U.S.
668, 686 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App.
1997).  To prove ineffective assistance of counsel, appellant must show that
(1) trial counsel=s representation fell below an objective
standard of reasonableness, based on prevailing professional norms, and (2) but
for such deficiency, there is a reasonable probability that the result of the
proceeding would have been different.  Strickland, 466 U.S. at 688B92.  Moreover,
appellant bears the burden of proving her claims by a preponderance of the
evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

To succeed on claims of ineffective assistance of counsel
for failure to object, appellant must demonstrate that the trial court would
have committed harmful error in overruling the objection if trial counsel had
objected.  See Vaughn v. State, 888 S.W.2d 62, 74 (Tex. App.CHouston [1st
Dist.] 1994), aff=d, 931 S.W.2d 564
(1996) (per curiam) (en banc).  But even if unobjected to evidence is
inadmissible on some basis, trial counsel may have a sound trial strategy in
not objecting to evidence that counsel feels is relevant to appellant=s defense, or not
harmful to appellant.  See Stafford v. State, 813 S.W.2d 503, 507B08 (Tex. Crim.
App. 1991) (en banc); see also Calderon v. State, 950 S.W.2d 121, 130
(Tex. App.CEl Paso 1997, no pet.); Henderson v. State, 704
S.W.2d 536, 538 (Tex. App.CHouston [14th Dist.] 1986, pet. ref=d) (failing to
object to the introduction of improper evidence can be a trial strategy)

Rather than applying this standard through hindsight, we
review the totality of the representation and the particular circumstances of
the case at the time of trial.  See Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 58 (Tex.
Crim. App. 1986).  We cannot find deficiency from a calculated risk by
appellant=s trial counsel that simply did not work, and the
right to effective counsel does not require error-free counsel.  See
Hernandez, 726 S.W.2d at 58; State v. Balderas, 915 S.W.2d 913, 918B19 (Tex. App.CHouston [1st
Dist.] 1996, pet. ref=d).








We review the trial court=s denial of
appellant=s motion for new trial for an abuse of discretion.  Salazar
v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).  Under this standard,
we examine whether the trial court=s decision was clearly
wrong and outside the zone of reasonable disagreement, i.e. whether the trial
court acted arbitrarily, unreasonably, or without reference to guiding
principles.  Anderson v. State, 193 S.W.3d 34, 39 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d).  We do not substitute our judgment for
that of the trial court.  Charles v. State, 146 S.W.3d 204, 208 (Tex.
Crim. App. 2004).  Rather, we review the evidence in the light most favorable
to the trial court=s ruling and presume that all reasonable
findings that could have been made against the losing party were so made.  Id. 
Only if no reasonable view of the record could support the trial court=s ruling do we
conclude that the trial court abused its discretion by denying the motion for
new trial.  Id.  At a hearing on a motion for new trial, the trial court
is the sole judge of the credibility of the witnesses and the weight to be
given their testimony.  Melton v. State, 987 S.W.2d 72, 75 (Tex. App.CDallas 1998, no
pet.).

B. 
Trial Counsel=s Assistance with Aspects of the
Case Relating to Wellbutrin








Several of appellant=s contentions
challenge her trial counsel=s effectiveness in handling various
aspects of the case relating to Wellbutrin.  At the hearing on the motion for
new trial, appellant developed a sufficient record to allow us to evaluate her
trial counsel=s performance regarding those issues.  See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  Steve Gonzalez and Jeb
Silverman represented appellant at trial.  Their testimony shows that their main trial strategy was to
impeach the State=s key witness and designated expert, Officer Maffett, who
testified about Wellbutrin, appellant=s intoxication, and her failure of
the FSTs.  Though defense counsel admitted they did not know what the specifics
of Officer Maffett=s Wellbutrin testimony would be,[2]
they knew Wellbutrin would be an issue in the trial and testified that they
planned to use Dr. Watson as a Wellbutrin expert to contradict Officer Maffett=s Wellbutrin testimony.  Their
testimony shows they believed impeaching Officer Maffett=s credibility on Wellbutrin, rather
than seeking to exclude that testimony,[3] was the best
strategy for overcoming the State=s various theories
and obtaining an acquittal.

1. 
Pretrial Investigation








Appellant complains that her trial counsel failed to
conduct an adequate legal or factual pretrial investigation into Wellbutrin and
the admissibility of evidence about Wellbutrin.  However, the record reflects
that appellant=s trial counsel researched those topics and obtained
an expert, Dr. Watson, who ultimately contradicted the State=s Wellbutrin
testimony.  Though appellant seems to argue that it was objectively
unreasonable for Gonzalez, who was in charge of cross-examining Officer
Maffett, to rely on co-counsel=s research into the law and facts
regarding the Wellbutrin testimony, we disagree.  This is not a situation, such
as that presented in Flores v. State, 576 S.W.2d 632, 634 (Tex. Crim.
App. 1978), where an attorney went to trial Atotally unprepared@ after requesting
a full report on the facts of a case just before trial from an investigator
whom he knew to be inept.  Here, Gonzalez relied upon co-counsel, who found
relevant information that Gonzalez either reviewed or discussed with him before
trial.  We hold Gonzalez=s reliance upon co-counsel=s research was
reasonable, as was trial counsel=s pretrial
investigation.  Cf. McFarland v. State, 928 S.W.2d 482, 500B01 (Tex. Crim.
App. 1996) (finding no ineffective assistance where lead counsel relied on
co-counsel to subpoena witnesses, despite defendant=s complaint as to
lead counsel=s performance in that regard).  Moreover, to the
extent that appellant contends counsel=s pretrial
investigation was limited, we hold that such limitation was based on reasonable
professional judgments because (1) Dr. Watson informed counsel that Wellbutrin=s characteristics
contradicted the State=s case and (2) exclusion of the Wellbutrin
evidence would have eliminated the key ground upon which Dr. Watson impeached
Officer Maffett=s credibility, hindering defense counsel=s pursuit of what
they believed was the best strategy to obtain appellant=s acquittal.  See
Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993) (stating that
strategic choices made after a less than complete investigation are reasonable
only to the extent that Areasonable professional judgments support
the limitations on investigation@).

2. 
Other Aspects of the Case Relating to Wellbutrin








Appellant also complains that her trial counsel failed to
exclude evidence of appellant=s Wellbutrin consumption, failed to
challenge Officer Maffett=s expertise on the subject, and failed to
seek production of the book Officer Maffett used in reaching his opinions about
the effects of Wellbutrin.  However, these actions can all be justified based
on trial counsel=s strategy for discrediting Officer
Maffett.  Exclusion of the evidence of appellant=s Wellbutrin
consumption or Officer Maffett=s Wellbutrin testimony would have
undermined trial counsel=s strategy,[4]
and the record supports the trial court=s implied finding
that counsel failed to object to evidence he felt was relevant to appellant=s defense and in
furtherance of a sound trial strategy, which is not deficient conduct.  See
Stafford, 813 S.W.2d at 507B08; see also Calderon, 950 S.W.2d
at 130; Henderson, 704 S.W.2d at 538 (failing to object to the
introduction of improper evidence can be a trial strategy).  Finally, trial
counsel did not perform deficiently by failing to seek production of The
Pill Book, which Officer Maffett claimed to have referred to in learning
about Wellbutrin.  Although Gonzalez admitted there was no strategic downside
to seeking production of the book, he testified that he felt Officer Maffett
was so incredible and unauthoritative as a witness that the jury would inherently
doubt whether he actually consulted any book before rendering his opinion. 
Given that explanation, and trial counsel=s strategy to
contradict Officer Maffett=s Wellbutrin testimony with expert
testimony supported by The Physician=s Desk Reference, a medical text
of uncontroverted authority, counsel=s failure to seek
production of The Pill Book was not objectively deficient.[5] 
See Strickland, 466 U.S. at 688B92.

Viewing the evidence in the light most favorable to the
trial court=s decision, we hold that the trial court did not abuse
its discretion in presumptively finding that appellant received effective
assistance of counsel in handling the various aspects of the case relating to
Wellbutrin.

C. 
Failure to Investigate the Predicate for Admission of a Videotape

Appellant contends that trial counsel failed to familiarize
himself with the predicate for admission of the videotape of appellant=s arrest, which
would have allowed him to challenge and potentially exclude the tape from
evidence.[6] 
However, appellant=s attorneys testified that they did not
want to exclude the video from evidence because they felt it showed that
appellant performed well on the FSTs and was not impaired.  During opening and
closing arguments, trial counsel alluded to the video extensively as evidence
of appellant=s lack of impairment.  We hold that it was not an
abuse of discretion for the trial court to presumptively find that trial
counsel=s representation
was not deficient in this regard because trial counsel=s decision was
based on a reasonable trial strategy.  See Ex parte Kunkle, 852 S.W.2d
at 505.








D.  Failure to Challenge Expert Testimony

Appellant also contends that trial counsel performed
defectively by (1) failing to challenge expert testimony on matters relating to
the FSTs and (2) failing to challenge other areas of expert testimony without
being able to articulate a strategic reason.

1. 
Failure to Challenge Matters Relating to the FSTs

Appellant complains of trial counsel=s failure to
object to testimony regarding the scientific bases for the FSTs and that the
tests were fair and easy to perform.  As appellant acknowledges, counsel
offered several strategic reasons for not challenging this testimony.  Trial
counsel felt appellant had performed well on the tapes and therefore did not want
to discredit the FSTs Ain any way, shape, or form.@  In addition,
trial counsel vigorously cross-examined Officer Maffett as to whether appellant
actually failed the tests, thereby attempting to discredit him.  Further,
counsel did not object to the testimony regarding the scientific bases used in
validating the FSTs because he did not think the jury would attach any
significance to Officer Maffett=s testimony, which in counsel=s opinion made no
sense.

Appellant claims that these strategies were not objectively
reasonable, but a strategy that seeks to establish that the defendant is not
guilty while discrediting contrary testimony by the State=s key witness on
elements of the charged offense is objectively reasonable.  That appellant=s appellate
counsel may have pursued a different strategy does not necessarily indicate
ineffective assistance by her trial counsel.  See Hawkins v. State, 660
S.W.2d 65, 75 (Tex. Crim. App. 1983).  In furtherance of trial strategy,
counsel may have good reason to not object to certain testimony when he feels
that the jury does not believe it or because he hopes to use it to impeach the
witness on cross-examination.  See Stafford, 813 S.W.2d at 507B08.  Viewing the
evidence in the light most favorable to the ruling, the trial court=s presumptive
finding that trial counsel was not deficient in this regard was not an abuse of
discretion.








2.  Non-Strategic Failures to Challenge Expert Testimony

Appellant asserts that trial counsel was ineffective
because counsel admitted to having no strategic reason for not objecting to
testimony that failing FSTs correlates to failing a breathalyzer test and that
failing the HGN test demonstrates impairment.  As discussed above, to establish
ineffective assistance of counsel based on a failure to object, appellant must
prove that the trial judge would have committed harmful error in overruling
such an objection.  See Vaughn, 888 S.W.2d at 74.  Officer Maffett
testified that he administers FSTs up to four times a night and that Avery, very seldom@ does he find a
case where a person fails the FSTs but Atakes the
breathalyzer test [and is] actually under.@

The leading case on testimony correlating FST performance
to blood alcohol content (BAC) is Emerson v. State, 880 S.W.2d 759, 769B70 (Tex. Crim.
App. 1994).  In Emerson, the Court of Criminal Appeals held that a
qualified expert may testify regarding a defendant=s performance on
the HGN test, but Amay not correlate the defendant=s performance to a precise
BAC.@  880 S.W.2d at
769 (emphasis added).  Here, the trial court would not have erred in overruling
an objection to Officer Maffett=s testimony because he did not link the
results of appellant=s FSTs to a precise
BAC.  See Fremin v. State, No. 14-01-00571-CR, 2002 WL 1315912, at *2
(Tex. App.CHouston [14th Dist.] June 6, 2002, no pet.) (not
designated for publication).  Rather, he stated that, in his experience, those
who fail the FSTs rarely pass a breathalyzer test.  See Bertrand v. State,
No. 01-98-01401-CR, 2000 WL 1051989, at *2 (Tex. App.CHouston [1st
Dist.] July 27, 2000, no pet.) (not designated for publication) (officer=s testimony that,
based on the HGN test, appellant was Aover the limit@ amounted to
qualitative rather than quantitative evidence of intoxication relating to
appellant=s HGN results and therefore was admissible and not in
violation of Emerson)  Thus, appellant cannot show the trial court would
have abused its discretion in overruling an objection to this testimony.








Next, appellant asserts that trial counsel was ineffective
for failing to object to testimony that failing the HGN test demonstrates
impairment because trial counsel admitted to having no strategic reason for not
doing so.  While appellant cites us to no authority supporting her argument
that failure to object to this testimony was objectively deficient, the Court
of Criminal Appeals has determined that the HGN test is a reliable indicator of
intoxication, and at least one appellate court has cited that authority
for the proposition that the HGN is an indicator of impairment.  Emerson,
880 S.W.2d at 768 (HGN is a reliable indicator of intoxication); Taylor v.
State, No. 03-03-00624-CR, 2006 WL 1649037, at *9 (Tex. App.CAustin Jan. 16,
2006, pet. ref=d) (mem. op., not designated for publication) (HGN
indicates impairment (citing Emerson)).  We conclude that appellant
cannot show that an objection on this basis would have been successful, and
therefore this failure to object cannot support a claim for ineffective
assistance of counsel.

E. 
Failure to Make an Offer of Proof

Appellant=s trial counsel sought to impeach Officer
Maffett by showing that he did not answer a subpoena to attend appellant=s administrative
license revocation hearing.  The trial court sustained the State=s objection to
that line of questioning, cutting off appellant=s attempt to
impeach Maffett, but trial counsel failed to preserve any error in the trial
court=s ruling by making
an offer of proof as to what Maffett would have testified to.  Appellant=s trial counsel
later explained that they had no strategic reason for failing to take that
step, and appellant now argues they were deficient for failing to do so.  But
even if we assume this constituted deficient performance, appellant presents no
argument to satisfy her burden of showing a reasonable probability that the
result of the proceeding would have been different but for the allegedly deficient
conduct.  See Strickland, 466 U.S. at 688B92.  Because
appellant has not met her burden under the second prong of Strickland,
we conclude that the trial court did not abuse its discretion in overruling her
contention on this ground.








F. 
Reliance on an Unreasonable Defensive Theory Unsupported by the Evidence

Appellant also claims her trial counsel was ineffective for
arguing that the police did not offer a blood test because that theory was unsupported
by the evidence.  However, the record indicates otherwise.  Although the
offense report and Officer Maffett=s testimony
indicated that blood testing had been offered, a statutory warning form
indicated that blood testing had not been offered.  Trial counsel attempted to
take advantage of this ambiguity, and appellant cites no authority for the
proposition that such a strategy amounts to ineffective assistance of counsel. 
We therefore conclude that the trial court did not abuse its discretion in
presumptively finding that trial counsel=s performance was
not deficient in this regard.  Moreover, appellant presents no argument that,
even if trial counsel=s performance was deficient in this
regard, there is a reasonable probability that but for such deficiency, the
result of the proceeding would have been different.

In conclusion, viewing the alleged errors individually and
collectively, and viewing the record in the light most favorable to the trial
court=s ruling, we
conclude the trial court did not abuse its discretion in presumptively finding
that trial counsel=s performance was not deficient and in
rejecting appellant=s ineffective assistance of counsel
claim.  Accordingly, we overrule appellant=s second and third
issues.

III.  Use of False Testimony








In her first issue, appellant asserts that the trial court
abused its discretion in not granting her a new trial on grounds that the State
used false testimony regarding Wellbutrin.  Appellant brings this claim under
the rule espoused in Yates: when the State uses material,[7]
false testimony in securing a conviction, a trial court abuses its discretion
by not granting a motion for mistrial.  Yates v. State, 171 S.W.3d 215,
220B22 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d).

In Yates, an expert witness gave false testimony
regarding the existence of a particular episode of a television program.  Id.
at 219.  Neither party, nor the jury, was aware of the falsity until after the
jury returned a guilty verdict.  Id.  The appellate court determined
that the false testimony gave greater weight to the expert=s opinion, and
noted that had the jury been made aware of the falsity prior to their
deliberations, it likely would have considered the witness less credible.  Id.
at 222 & n.6.

Here, Officer Maffett gave opinion testimony regarding the
effects of Wellbutrin and Dr. Watson gave conflicting opinion testimony. 
Accordingly, the jury had the opportunity to determine Officer Maffett=s credibility with
full knowledge of Dr. Watson=s testimony refuting his opinion regarding
Wellbutrin.  See Yates, 171 S.W.3d at 222 & n.6; Ramirez, 96
S.W.3d at 397.  The jury was presented with conflicting opinion testimony, and
it is within the province of the jury to make credibility determinations and
resolve conflicting evidence.  Tran v. State, 221 S.W.3d 79, 88 (Tex.
App.CHouston [14th
Dist.] 2005, pet. ref=d).  Therefore, Yates and other
cases involving the use of material, false testimony to secure a conviction are
inapplicable here.  Appellant=s first issue is overruled.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.

Publish C Tex. R. App. P. 47.2(b).









[1]  The trial court partially granted appellant=s motion for directed verdict at the close of the
State=s evidence on the allegation of impairment due to
drugs alone.





[2]  Silverman testified that he knew Officer Maffett was
the State=s designated expert, but did not know Awhat he was
going to testify to about the Wellbutrin.@ 
[emphasis added].





[3]  We note the record also shows appellant=s trial counsel was familiar with the general
procedures for seeking to exclude inadmissible evidence, had they decided take
that course instead.





[4]  In support of her argument, appellant claims that
Gonzalez stated at the motion for new trial hearing that it would have been
more advantageous to exclude the Wellbutrin evidence than to seek to challenge
it through Dr. Watson=s testimony.  However, we do not read Gonzalez=s testimony as supporting that statement.  On the
contrary, at the hearing on the motion for new trial, Gonzalez merely agreed
with appellant=s appellate counsel that suppression of the Wellbutrin
evidence would have prevented the jury from hearing it at all.  Gonzalez did
not say that that exclusion would have been more advantageous than the strategy
actually implemented.





[5]  Additionally, we note that appellant has failed to
argue that any error by trial counsel in failing to seek production of The
Pill Book satisfies the harm prong of Strickland.  See 466
U.S. at 688B92.  Therefore, even if appellant had shown trial
counsel was deficient in failing to request production, she has necessarily
failed to meet her burden of demonstrating a reasonable probability that, but
for the deficiency, the result of the proceeding would have been different.  Id.;
Jackson, 973 S.W.2d at 956.





[6]  We note that appellant points us to no authority
supporting the notion that the videotape was inadmissible or that an overruled
objection to its admission would have constituted reversible error.  Cf.
Vaughn, 888 S.W.2d at 74.





[7]  False testimony is material if there is a reasonable
likelihood that it could have affected the jury=s judgment.  Ramirez v. State, 96 S.W.3d 386, 396 (Tex. App.CAustin 2002, pet. ref=d).