704 S.W.2d 536 (1986)
Nathaniel HENDERSON, Appellant,
v.
The STATE of Texas, Appellee.
No. B14-81-530CR.
Court of Appeals of Texas, Houston (14th Dist.).
January 30, 1986.
*537 Charles Melder, Mark D. Davidson and Stanley G. Schneider, Houston, for appellant.
Calvin D. Hartman and Winston E. Cochran, Jr., Asst. Dist. Attys., Houston, for appellee.
Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.
PAUL PRESSLER, Justice.
Appellant was convicted for the aggravated robbery of a Film and Photos store. The trial court assessed punishment at imprisonment for fifteen years in the Texas Department of Corrections. We affirm.
Appellant brings four grounds of error. In his first, he argues that he was denied effective assistance of counsel since his attorney was officially appointed to represent him the morning of the trial. Appellant agreed to waive the ten day period for the counsel's trial preparation. Now he argues that his counsel had insufficient time to prepare for his defense. However, the record indicates that the same attorney acted as his counsel a full two months before trial began. Appellant's attorney had sufficient time to prepare for trial.
Appellant then asserts that his trial counsel was ineffective because he failed to have the voir dire recorded. Appellant cites no cases where such a failure has been held to be ineffective assistance. We find no authority to uphold such an assertion.
Appellant also complains that his attorney failed to obtain rulings on any of his pretrial motions. Appellant was arrested for attempt to commit rape while out on $10,000 bond for the present offense. The bond in this case was then raised to $30,000. One motion requested a reduction of the appellant's bond from $30,000 to $5,000. It is clear why it would have been futile to urge such a motion.
Appellant's attorney also failed to secure rulings on various discovery motions. However, there is nothing in the record indicating that any needed information would have been provided through these motions. There is no showing as to what type of informal discovery appellant's attorney pursued. See Hunnicutt v. State, 531 S.W.2d 618 (Tex.Crim.App.1976); Passmore v. State, 617 S.W.2d 682 (Tex. *538 Crim.App.1981). Therefore, we are unable to hold that a failure to secure rulings on these discovery motions necessarily showed ineffective assistance of counsel.
Appellant also complains of his attorney's failure to object to the admission of five items of physical evidence. Although appellant alleges that the prosecutor did not lay the proper predicate, all of the objects were positively identified by the complainant. Any error was harmless.
Appellant further complains that his attorney failed to object to a statement in the prosecutor's opening statement, an unresponsive answer by the complainant, and repetitious and leading questions. Failing to object to every introduction of improper evidence or questioning does not indicate that appellant's representation was ineffective. See Ewing v. State, 549 S.W.2d 392 (Tex.Crim.App.1977). Not objecting can be a trial strategy. The instances cited by appellant show harmless error, if any.
In his fourth ground of error, the appellant argues that he was denied effective assistance of counsel by his attorney's failure to move to strike a void enhancement paragraph which was presented to the court in a pre-sentence investigation report.
The enhancement paragraph consisted of a charge of theft that was void under Reynolds v. State, 547 S.W.2d 590 (Tex.Crim.App.1977). There is nothing to show that the trial judge considered this prior conviction. There was no pen packet or other evidence of the prior conviction. The record does not reflect that appellant entered any plea to the enhancement allegation. It is presumed that a trial judge ignores any inadmissible evidence in a presentence investigation report. Rhine v. State, 642 S.W.2d 228 (Tex.App.Houston [14th Dist.] 1982, no pet). Therefore, we can assume that the court did not rely on an invalid enhancement paragraph in his sentencing deliberation.
The representation afforded to appellant was reasonably effective. This court will not second guess the strategy adopted by his trial counsel. See Ewing v. State, 549 S.W.2d 392 (Tex.Crim.App.1977). The first and fourth grounds of error are overruled.
In his second ground of error, appellant contends that the trial court erred in not allowing a police officer to testify about a statement made by appellant on the night of the offense. The content of the statement is not in the record, and, therefore, we are unable to determine whether it was admissible or whether its exclusion was harmful.
Appellant also asserts that his attorney rendered ineffective representation by failing to submit a formal bill of exceptions concerning this statement. Since the content of the statement is not before us, it is impossible to determine that this failure constituted ineffective assistance of counsel.
Both of these problems would be more adequately addressed in the post-conviction writ process where an adequate record could be established. The second ground of error is overruled. See Dunn v. State, 650 S.W.2d 139 (Tex.App.Houston [14th Dist.] 1983, no pet.).
In his third ground of error, appellant complains of a reference by the "prosecuting attorney" to the failure of the appellant to testify. Contrary to appellant's assertion, the statement complained of was made by the trial court. In its opening statement to the jury the court stated:
The evidence which you are to consider consists of the testimony of witnesses, and any exhibits that might be introduced to youwell, introduced into evidence. And, the term "witness" means anyone who testifies in person, or by deposition and including the defendant. (emphasis added)
Since appellant did not testify at trial, he contends that the emphasized portion of the opening statement was a comment on his failure to testify.
The court's statement was not improper. Regardless, both the statute and cases appellant refers to deal with only a prosecutor's statements. Furthermore, the court *539 corrected any error that might have been by subsequently instructing the jury that the defendant is not required to testify. The third ground of error is overruled.
The judgment of the trial court is affirmed.