Affirmed and Memorandum Opinion filed October 30, 2003
















Affirmed and
Memorandum Opinion filed October 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00902-CR

____________

 

SAMUEL RAY FUENTES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

____________________________________________________________

 

On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 886,255

 

____________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant entered a plea of not
guilty to the offense of indecency with a child.  After a jury trial, he was convicted and the
jury assessed punishment at fifty years’ confinement in the Institutional
Division of the Texas Department of Criminal Justice.  In three issues, appellant contends (1) the
trial court violated the Confrontation Clauses of the Texas and United
States Constitutions in limiting the cross-examination of a State’s witness,
Dr. Sheela Lahoti; and (2)
he received ineffective assistance of counsel. 
We affirm.

 

 

 class=Section2>

Background

            While living with the complainant’s
mother, appellant repeatedly sexually abused complainant over a period of several
months.  On July 26, 2001, Detective James Johnson with the
Harris County Sheriff’s Office received a report that the complainant had
sexually abused a younger child.  When
questioned by his mother about this allegation, the complainant told her that
appellant had repeatedly touched “his private parts.”  The complainant was later taken to the
Children’s Assessment Center where he
was interviewed by Monique Gadson and given a
physical examination by Dr. Sheela Lahoti.

            At trial, Dr. Lahoti
testified that the physical examination of the complainant was normal.  She further testified that a normal
examination is to be expected in a case where the allegation of abuse is
touching or anal penetration because with anal penetration, there is seldom an
outward manifestation of trauma.  She
also testified that some children who have been sexually abused may initiate
sex with their peers at a very young age. 
On cross-examination, appellant attempted, through the use of
hypothetical scenarios, to question the doctor regarding a child who initiated
sex with a peer prior to the outcry of sexual abuse.  The prosecutor objected to counsel’s hypotheticals because there was no evidence the complainant
abused another child prior to being abused by appellant.

            Appellant proffered a bill of
exception in which he asked the following questions:

[Defense counsel]:  My question
is this:  If testimony came out and I
asked you this question where Child A is alleged to have molested Child B.  Okay. 
Child A says or the evidence shows that it happened at a certain time
approximately a year ahead of time.  All
right.  A year, year and a half.  Okay. 
Whatever the reasons, that’s when it’s said to have happened.  Okay. 
Child B then says, “I’ve been sexually molested,” but the date that he
gives for that child – that molestation happens before this could have
happened.  All right.  This is alleged to have happened, I’m sorry,
the first molestation of the Child A. 
All right.  That’s not – that
doesn’t fit your scenario, does it?

DR. LAHOTI:  Well, actually I
have to agree with exactly what the Judge said that it would make you worry
whether this child had been abused before.

 class=Section3>

 

[Defense counsel]:  That might
be, but this is the person that’s accused and he’s accused on a certain date or
it’s alleged to have started on a certain date. 
Okay.  And that date is before the
child is alleged to have said he was molesting another child.  Okay. 
It doesn’t fit your scenario, does it?

 

DR. LAHOTI:  It makes me worry
the child was abused before the date that he acted out.  And I don’t know, I don’t have the specifics
on the date that he acted out because I don’t know how clearly of a time frame
that you can get that this child sexually acted out on another child.  And I don’t, I just –

 

            I mean, I don’t know
how clearly you can get that type of time frame; but that’s not the
question.  The question is:  I worry that he had been exposed to
sexualized – sexual behavior or that he had been sexually abused before he
acted out.

 

* * * * *

 

[Defense counsel]:  Let’s assume
the child has been abused before he starts acting out.  Okay. 
Would it also be something that you would see that the child would give
a different name to the person that actually molested them?  Is that something that you see in your course
of years having worked in child abuse?

 

DR. LAHOTI:  A little child
perhaps, not a child who is 12, 13, 14. 
At this age they know who is who. 
If you’re talking about four-year-olds and they’re a little confused as
to different people, yeah, that would be much more likely?

 

* * * * *

 

[Defense counsel]:  But the last
question, then:  But it wouldn’t fit your
normal scenario.  If they don’t give
another name and they say, “This is the person,” and that’s an impossible date,
that doesn’t fit your normal scenario; does it?

 

DR. LAHOTI:  Okay.

 

Confrontation Clause

            In his first two issues, appellant
contends the trial court violated the Confrontation Clauses of the state and
federal constitutions by not allowing appellant to ask the above
questions.  The Sixth Amendment to the
United States Constitution and article I, section 10 of the Texas Constitution
guarantee the right of an accused in a criminal prosecution to be confronted
with the witnesses against him.[1]  Davis
v. Alaska, 415 U.S. 308, 315
(1947); Knox v. State, 31 S.W.3d 700, 702
(Tex. App.—Houston
[1st Dist.] 2000, no pet.).  The right to
confront one’s accuser necessarily includes the right to
cross-examination.  Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim.
App. 1996).  

            We review the trial court’s decision
to restrict cross-examination of a witness under an abuse of discretion
standard.  Cantu v. State, 939 S.W.2d 627, 635 (Tex. Crim.
App. 1997); Chambers v. State, 866
S.W.2d 9, 27 (Tex. Crim. App. 1993).  The test for abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an
appropriate case for the trial court’s action; rather, it is a question of
whether the court acted without reference to any guiding rules or principles.  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g).  The mere fact a trial court may decide a
matter within its discretionary authority differently than an appellate court,
does not demonstrate such an abuse.  Id.  We will not reverse a trial court’s evidentiary
ruling on the admission of evidence unless that ruling falls outside the zone
of reasonable disagreement.  See id. 

            The constitutional right of
confrontation is violated when appropriate cross-examination is limited.  See Hurd v. State, 725 S.W.2d 249, 252 (Tex. Crim. App. 1987). 
The trial court may, however, limit cross-examination to prevent
confusion of the issues and introduction of cumulative or collateral
evidence.  Lagrone v. State, 942 S.W.2d
602, 613 (Tex. Crim. App. 1997).  Subject to these limitations and the broad
discretion of the trial court to preclude repetitive and unduly harassing
interrogation, a defendant is entitled to pursue all avenues of
cross-examination reasonably calculated to expose a motive, bias, or interest
for the witness to testify.  Lewis v. State, 815 S.W.2d 560, 565
(Tex. Crim. App. 1991).  A defendant proves a violation of the
Confrontation Clause by showing he was prohibited from engaging in otherwise
appropriate cross-examination designed to show bias on the part of the witness,
and to expose to the jury the facts from which jurors could appropriately draw
inferences relating to the reliability of the witness.  Olden
v. Kentucky, 488 U.S. 227, 231
(1988). 

            Here, appellant contends the trial
court improperly limited cross-examination by not allowing him to ask Dr. Lahoti about the timing of the alleged sexual abuse by the
complainant and whether an abused child would give a different name to his
abuser.  Neither question was designed to
show Dr. Lahoti was not a reliable witness, nor that
she was biased against appellant.  With
regard to the timing of the alleged sexual abuse of the younger child by the
complainant, there was no direct evidence when such abuse occurred, if it
occurred.  Appellant’s cross-examination
on that issue did not tend to expose any bias or unreliability on the part of
Dr. Lahoti. 
Furthermore, the trial court did not err in limiting the
cross-examination because the hypothetical questions would lead to confusion of
the issues.  The defense presented
various hypothetical situations to Dr. Lahoti,
probing her expertise on child sexual abuse. 
Continued questioning about the timing of an alleged molestation of
another child by the victim would confuse the jury about the circumstances of
appellant’s alleged abuse of complainant. 
Sustaining the State’s objection to the hypothetical question was
reasonable to avoid confusion, because if or when the younger child was
molested did not tend to make appellant’s guilt or innocence more or less
probable under the facts of this case. 
It was a reasonable limitation of the cross-examination, within the zone
of reasonable disagreement, and therefore fell within the trial court’s
discretion.  

            In addition, the excluded question
and answer also went to a collateral matter, an unrelated and unsubstantiated
allegation of sexual assault.  Generally,
a party cannot impeach a witness on a collateral matter.  See Norrid v. State, 925 S.W.2d 342, 347 (Tex. App.—Fort
Worth 1996, no pet.).  A matter is
collateral when the cross-examining party would not be entitled to prove it as
a part of his case tending to establish his plea.  See
Ramirez v. State, 802 S.W.2d 674, 675 (Tex. Crim.
App. 1990).  Cross-examination of Dr. Lahoti regarding a hypothetical question founded on
assumptions of whether, and when, abuse of another child occurred is irrelevant
to the issue of whether appellant committed the offense in this case, because
it would not have produced evidence of appellant’s innocence on the charged
offense.  The issue of whether another
event other than appellant’s abuse of complainant may have caused the alleged
acting out on a younger child, before appellant lived with complainant, was not
germane to the crime charged.  The allegation
of the other incident provided an explanation to the jury for complainant’s
delayed outcry and possibly a reason why appellant became a suspect in
Detective Johnson’s investigation, but ultimately, the excluded evidence
involved a collateral issue. 

            Finally, with regard to whether an
abused child would give a different name to his abuser, appellant never raised
the issue at trial.  Therefore, appellant
failed to preserve error with regard to that issue.  See
Richards v. Comm’n for Lawyer Discipline, 35 S.W.3d 243, 252
(Tex. App.—Houston [14th
Dist.] 2000, no pet.) (holding that party must attempt during the evidentiary
portion of the trial to introduce the evidence and obtain a ruling from the
trial court to preserve error).  Further,
appellant’s question regarding a child wrongly identifying his abuser did not
go to show Dr. Lahoti’s bias or unreliability and was
another collateral matter irrelevant to the charged crime.  

            In sum, appellant failed to show his
rights under the Confrontation Clause were violated because the testimony he
sought to elicit did not reflect a bias, prejudice, or ulterior motive on the
part of Dr. Lahoti. 
Furthermore, the hypothetical question was collateral evidence that
could easily confuse the issue at trial—the sexual assault of the
complainant.  Appellant’s first and
second issues are overruled.

Ineffective Assistance of Counsel

            In his third issue, appellant
contends he received ineffective assistance of counsel in that his trial
counsel failed to object to (1) hearsay statements made by Detective Johnson pertaining
to the alleged abuse of the younger child; and (2) factual objections made by
the State.

            To succeed on his complaint,
appellant must demonstrate both objectively deficient performance by his
attorney and a reasonable probability of prejudice.  See
Strickland v. Washington, 466 U.S. 668, 694
(1984).  In analyzing the assistance of
counsel, we begin with the strong presumption that counsel was competent.  See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We
presume counsel’s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Appellant bears the burden of rebutting this
presumption by presenting evidence illustrating that trial counsel acted
adversely to sound trial strategy.  Id.  Because an ineffectiveness claim must be
firmly founded in the record, appellant cannot meet this burden if the record
does not specifically focus on the reasons for the conduct of trial counsel.  Thompson,
9 S.W.3d at 813.  Generally,
counsel should be given the opportunity to explain his actions before being
condemned as unprofessional and incompetent. 
Bone v. State, 77 S.W.3d 828, 836
(Tex. Crim. App. 2002).

            Appellant first contends there was
no direct evidence that the complainant abused a younger child; therefore,
Detective Johnson’s testimony about the abuse report was inadmissible hearsay
and his counsel was ineffective in failing to object.  Second, appellant contends that the State
made “factual” objections instead of “legal” objections and his counsel was
ineffective in failing to object to the State’s objections.  The record before us is silent regarding why
counsel failed to object to Detective Johnson’s testimony or the State’s
objections.  No motion for new trial was
filed, nor was counsel given the opportunity to explain himself.  Whether to object to evidence is a matter of
trial strategy.  Henderson v. State, 704 S.W.2d 536, 538 (Tex. App.—Houston [14th
Dist.] 1986, pet. ref’d) (“[f]ailing to object to
every introduction of improper evidence or questioning does not indicate that
appellant’s representation was ineffective. 
Not objecting can be a trial strategy.”) 
From this trial record, one could conclude there were legitimate and professionally
sound reasons for counsel’s conduct. 
Given the presumption of effectiveness and the great deference we give
to counsel’s decisions, we find nothing in this record that would compel us to
find counsel ineffective.  See Johnson v. State, 68 S.W.3d 644, 655
(Tex. Crim. App. 2002). 
This is not one of those rare cases in which the evidence overcame the
presumption that counsel’s inaction was part of a strategic plan.  See
Tong v. State, 25 S.W.3d 707, 713 (Tex. Crim. App. 2000). 
Appellant’s third issue is overruled.

            The judgment of the trial court is
affirmed.

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 30, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).











            [1]  Article I, section 10 is worded differently
than the Sixth Amendment and arguably allows more protection to an accused than
does the United States Constitution.  Long v. State, 742 S.W.2d 302, 309 &
n.9 (Tex. Crim. App. 1987), overruled on other grounds, Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990).  Texas case law,
however, generally interprets Confrontation Clause values in much the same way
as do the federal cases.  Jonathon S. Miller,
Comment, Does the Child Witness Videotape
Statute Violate the Confrontation Clause?: 
Article 38.071, Texas Code of Criminal Procedure, 17 Tex. Tech L. Rev. 1669, 1681 (1986).  Therefore, for purposes of this opinion, we
do not construe the Texas Constitution as providing an accused a greater right
of confrontation than does the Sixth Amendment.