Affirmed and Memorandum Opinion filed December 23, 2003















Affirmed and
Memorandum Opinion filed December 23, 2003.

 

 

In The

 

Fourteenth Court
of Appeals

____________

 

NO. 14-02-00861-CR

____________

 

LAWRENCE KEVIN BILLINGS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________________

 

On Appeal from the 351st District
Court

Harris County, Texas

Trial Court
Cause No. 888,561

 

_______________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            In a single issue, appellant
Lawrence Kevin Billings contends he received ineffective assistance of counsel
during the punishment phase of his trial for aggravated assault.  We affirm.

I.  Factual and Procedural
Background

            Appellant and the complainant, Kourtney Spencer, lived in the same building — a house that
had been converted to three separate apartments.  All of the water heaters for the house were
located in Spencer’s apartment.  On the
morning of September
 13, 2001, Spencer received a knock on her apartment door.  According to her testimony, appellant asked
if he could enter her apartment to check his water heater.  She testified that appellant entered her
apartment and then left, returning a few minutes later to “look at one more thing.”  Spencer
stated that while she was standing in her bedroom, appellant approached her
from behind and put a cord tightly around her neck.  She eventually broke free and called 9-1-1. 

            Appellant was charged by indictment
with the offense of aggravated assault.[1]  See
Tex. Pen. Code Ann. §§ 22.01, 22.02 (Vernon
2003).  A jury found
appellant guilty and the trial court assessed punishment at twenty-five years’
confinement in the Texas Department of Criminal Justice, Institutional
Division.   

II.  Issue
Presented

            In
his sole issue, appellant argues trial counsel provided him ineffective
assistance during the punishment phase of trial.[2]  Specifically, appellant contends counsel was
ineffective because he failed to make a bill of exceptions after the trial
court sustained the State’s objection to testimony about a prior assault
conviction.  Appellant claims that as a consequence
of counsel’s error, he is precluded on appeal from raising any error made by
the trial court in sustaining the objection. 
See Guidry v.
State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999)
(“Error in the exclusion of evidence may not be urged unless the proponent
perfected an offer of proof or a bill of exceptions.”).  




III. 
Analysis and Discussion

            Both the United
 States and Texas Constitutions guarantee
an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim.
Proc. art. 1.051 (Vernon Supp. 2004).  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show that (1)
trial counsel’s representation fell below an objective standard of
reasonableness, based on prevailing professional norms; and (2) there is a
reasonable probability that the result of the proceeding would have been
different but for trial counsel’s deficient performance.  Strickland,
466 U.S. at
688–96.  Moreover, appellant bears the
burden of proving his claims by a preponderance of the evidence.  Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998).  

            In
assessing appellant’s claims, we apply a strong presumption that trial counsel
was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  We presume
counsel’s actions and decisions were reasonably professional and were motivated
by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  Appellant has the burden to rebut this
presumption by presenting evidence illustrating why trial counsel did what he
did.  See id. 
An appellant cannot meet this burden when counsel’s actions may have
been based on tactical decisions and the record does not specifically focus on
the reasons for trial counsel’s conduct. 
See Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002). 
When, as here, there is no proper evidentiary record developed at a
hearing on a motion for new trial, it is extremely difficult to show that trial
counsel’s performance was deficient.  See id. at 833. 
If there is no hearing or if counsel does not appear at the hearing, an
affidavit from trial counsel becomes almost vital to the success of an
ineffective-assistance claim.  Stults v. State, 23 S.W.3d 198, 208–09 (Tex.
App.—Houston [14th
Dist.] 2000, pet. ref’d). 

            In this case, appellant complains of
ineffective assistance during the testimony of his brother, Timothy Billings,
at the punishment stage of the trial.  On
cross-examination, the prosecution inquired whether Timothy Billings was aware
that appellant had been convicted of assaulting appellant’s girlfriend in
1996.  Timothy Billings replied that he
was “not specifically aware of it” and expressed surprise at the
statement.  During redirect examination,
defense counsel followed this line of questioning, asking Timothy Billings
about the identity of the victim of the prior assault and her relationship with
appellant.  As Timothy Billings began to
answer the latter question by stating, “I knew it was —,” the State objected on
the ground that the questioning was “getting into the facts of the other
case.”  The trial court sustained the
objection.  Defense counsel then inquired
whether Timothy Billings knew the girlfriend to be violent.  Before he could answer, the State objected on
the same ground and the trial court again sustained the objection.

            The record contains no evidence of
the reasoning and strategy underlying trial counsel’s actions.  In the face of a silent record, this court
will not speculate about why trial counsel did not offer a bill of exceptions
following the trial court’s adverse ruling. 
See Jackson, 877 S.W.2d at 771.  In
the absence of any evidence to the contrary, we cannot conclude the performance
of appellant’s trial counsel was deficient. 
See id. 

            Furthermore, appellant has not shown
prejudice under the second prong of Strickland.  See
Strickland, 466 U.S. at
692.  The record in this case contains no
indication of what the excluded testimony would have been.  See
Henderson v. State, 704 S.W.2d 536, 538 (Tex. App.—Houston [14th Dist.]
1986, pet. ref’d) (finding it impossible to determine
whether failure to submit formal bill of exceptions constituted ineffective
assistance when content of statement was not in record).  Thus, we cannot determine whether there is a
reasonable probability that, but for the failure to preserve appellant’s complaint
regarding the exclusion of his brother’s testimony, a different outcome would
have resulted.  See Strickland, 466 U.S. at 694.  Therefore,
appellant’s argument is without merit.

            Because appellant has failed to show
ineffective assistance of counsel, we overrule his sole issue and affirm the
trial court’s judgment.

 

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed December 23, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not Publish
— Tex. R. App. P. 47.2(b).

 

 











            [1]  The indictment included an enhancement
paragraph for appellant’s felony theft conviction in 1982.  Appellant pled true to the enhancement
paragraph when the trial court assessed punishment.





            [2]  Appellant requests this court to reverse and
remand for a new trial.  However, when
the error occurs during the punishment phase of trial, the conviction is
retained, but the judgment is reversed and the case remanded for a new
punishment hearing.  See Hagens v.
State, 979 S.W.2d 788, 792 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d).