

NUMBER 13-08-00440-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESUS MALDONADO,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 105th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, Jesus Maldonado, entered an open plea of guilty to attempted tampering

with or fabricating physical evidence.  *See* TEX. PENAL CODE ANN. § 37.09 (Vernon Supp.

2008).  After a hearing on punishment, the trial court sentenced Maldonado to two years'

confinement and assessed a $2,000 fine. By two issues, Maldonado contends that his counsel rendered ineffective assistance and that he was denied due process. We affirm.

## I. BACKGROUND

As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here except as necessary to explain the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his first issue, Maldonado contends that trial counsel provided ineffective assistance at his punishment hearing. Specifically, Maldonado complains of the following: (1) trial counsel failed to object to the introduction of an extraneous offense; (2) trial counsel failed to object to the State's "prejudicial statements" and "prejudicial argument"; and (3) trial counsel was ineffective "due to the cumulative effect of trial counsel's failure to object."

### A. Standard of Review and Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The *Strickland* test requires a showing by appellant that counsel's performance was deficient or, in other words, that counsel's assistance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *see Strickland*, 466 U.S. at 689, 694. After demonstrating deficient assistance, he must then show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 689, 694. In determining the validity of

appellant's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813.

## B. Discussion

Maldonado first argues that trial counsel's representation fell below an objective standard of reasonableness when he failed to object to Detective Ben Teed's testimony that Maldonado was arrested for "tagging" after his arrest in the current case. Maldonado appears to argue that trial counsel should have objected to the trial court's reliance on the extraneous evidence in assessing punishment. *See* TEX. CODE CRIM. PROC. Ann. art. 37.07 § 3(a) (Vernon Supp. 2008).

According to Detective Teed, investigators discovered that Maldonado was offering to sell "graffiti paraphernalia." Based on the information found on Maldonado's "Myspace" account, Detective Teed acquired a search warrant for Maldonado's residence and found, among other things, markers, spray cans, and specially made paint in "Coke bottles." Detective Teed testified that "[j]ust the implements that we took out of the defendant's [Maldonado] apartment on a table, a conference room table, was completely filled with it, while we were logging evidence in. It was, in my experience, by far the most implements that I've ever taken at one search warrant."

Maldonado provided a voluntary statement wherein he "discussed his involvement in the tagging, how he made his – his paint, how he sold it to other individuals. . . . " Detective Teed stated that Maldonado "talked about several locations which he tagged out in the community. He talked about one down near the water, that on his My Space [sic] he had drawn a huge 'OA' [Obscene Artists] and his tag name [Skrib]." Maldonado testified

3

that "Obscene Artists" was a title that he had "come up with."  Several pictures processed from a camera found in Maldonado's possession were admitted into evidence.  These pictures show the words "OA" and "Skrib" painted on poles, fences, and walls.  Detective Teed testified that Maldonado was arrested for "tagging OA [Obscene Artists]" approximately one month after Maldonado was arrested for the offense in this case.  Detective Teed stated that Maldonado "was involved in actually spraying the graffiti with – I believe that there was four individuals altogether, but, yes, they had spray painted graffiti."  Maldonado admitted that he had been arrested again, but stated, "I was not caught tagging."

The trial court acts as the finder of fact when it assesses punishment.  *Williams v. State*, 958 S.W.2d 844, 845 (Tex. App.–Houston [14th Dist.] 1997, pet. ref'd).  Under article 37.07, section 3(a), evidence of extraneous acts may be admissible during the punishment phase of a trial if the trial court determines that the evidence is relevant and that the extraneous act "is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."  TEX. CODE CRIM. PROC. Ann. art. 37.07 § 3(a).  Extraneous-offense evidence is admissible for any relevant purpose at punishment if the fact-finder is satisfied beyond a reasonable doubt that the extraneous offenses or bad acts are attributable to the defendant.  *Huizar v. State*, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000); *Williams*, 958 S.W.2d at 845; *see* TEX. CODE CRIM. PROC. ANN. art. 37.07 §3(a).  The court of criminal appeals has interpreted article 37.07, section 3(a) to "require the burden of proof to be applied to a defendant's

4

involvement in the act itself, instead of the elements of a crime necessary for a finding of guilt." *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). "[T]he statutorily imposed burden of proof beyond a reasonable doubt does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime." *Id.*

To show ineffective assistance of counsel based on the failure to object, Maldonado must show that the trial court would have committed error in overruling the objection. *See Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). Maldonado asserts that "no evidence was introduced showing, beyond a reasonable doubt, that [he] had committed a subsequent offense." However, as set out above, Detective Teed's testimony demonstrated that the extraneous offense was attributable to Maldonado. *See Huizar*, 12 S.W.3d at 481; *Williams*, 958 S.W.2d at 845; *Haley*, 173 S.W.3d at 515. Therefore, Maldonado has not shown that the trial court would have erred if it had overruled such an objection. *White*, 160 S.W.3d at 53 (finding trial counsel not deficient by failing to object to admissible testimony). Accordingly, trial counsel's failure to object to the trial court's reliance on the extraneous offense in assessing punishment cannot constitute the basis of a claim of ineffective assistance of counsel. *See id.*

Maldonado next argues that trial counsel was ineffective by not objecting to the State's "prejudicial statements" and "prejudicial arguments." He complains that trial counsel should have objected when the State asked him, "Do you read the letters to the editor when judges have given these probations and citizens of our community say they shouldn't be given probation, at all, they should be sending these people to jail."

5

Maldonado asserts the State's question is prejudicial; however, he does not provide a clear and concise argument with citation to appropriate authority supporting his assertion. *See* TEX. R. APP. P. 38.1(i). Furthermore, the record in this case is silent regarding counsel's explanation for his conduct; therefore, it is insufficient to overcome a presumption of reasonableness. *See Goodspeed*, 187 S.W.3d at 392.

Maldonado further complains that trial counsel should have objected to several remarks made by the State during closing argument. However, failing to object to a portion of the State's closing argument is generally an inherently tactical decision that is "made based on the way a trial is unfolding, the trial strategy employed, the experience and judgment of the defense attorney, and other factors." *Taylor v. State*, 947 S.W.2d 698, 704 (Tex. App.–Fort Worth 1997, pet. ref'd.) (per curiam). Moreover, again, the record in this case does not include counsel's explanation for his conduct; therefore, it is insufficient to overcome a presumption of reasonableness. *See Goodspeed*, 187 S.W.3d at 392.

Finally, citing numerous incidents where Maldonado claims trial counsel failed to object, he complains that the "cumulative effect of trial counsel's failure to object to the State's repeated injection into the record of prejudicial matters, together with his prejudicial closing argument had the cumulative effect of denying [Maldonado] any counsel at all." However, when the record is silent regarding the motivation of counsel's tactical or strategic decisions, there is a strong presumption that counsel acted reasonably. *See Mallet v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (citing *Thompson*, 9 S.W.3d at 814); *Johnson v. State*, 233 S.W.3d 109, 116 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (concluding, absent a contrary showing in the record, that counsel's failure to object to the

6

State's argument was part of a valid, considered trial strategy); *Henderson v. State*, 704 S.W.2d 536, 538 (Tex. App.–Houston [14th Dist.] 1986, writ. ref'd) (providing that not objecting to prosecutor's opening statement could have been trial strategy and that failure to object to every introduction of improper evidence or questioning does not indicate ineffective assistance); *see also Strickland*, 466 U.S. at 689.  Because the record in this case does not include counsel's explanation for his conduct, it is insufficient to overcome a presumption of reasonableness.  *See Goodspeed*, 187 S.W.3d at 392.  Maldonado has not established that trial counsel was ineffective; therefore, we overrule his first issue.

### III. DUE PROCESS RIGHTS

By his second issue, Maldonado contends that his due process rights were violated because the State "obliterated the line between the State as advocate and the State as a witness."  Specifically, Maldonado claims that the State violated his due process rights by (1) making statements "which were outside the record", and (2) attempting to "insert harmful and prejudicial matters into the record."  Maldonado has not, however, provided a clear and concise argument for his contention with appropriate citations to authorities. *See* TEX. R. APP. P. 38.1(i).  Furthermore, Maldonado did not raise objections to the State's actions in the trial court, about which he now complains.  Therefore, he has not preserved this contention for our review.

By a sub-issue, Maldonado contends that he was denied due process "due to the trial court's lack of neutrality."  Specifically, Maldonado argues that the trial court "abandoned its impartiality" when it questioned Detective Teed and Maldonado.

7

At the punishment hearing, the trial court asked Detective Teed, "Did I hear you right, in you're saying that after you talked to him [Maldonado], after you arrested him and apparently he bonded out, that he was arrested again, for tagging a place?" Detective Teed responded affirmatively. The trial court then asked, "And he was spraying or doing stuff like that?" Detective Teed stated that Maldonado was "spraying the graffiti." After Maldonado testified, the following exchange occurred:

| | |
|---|---|
| The Court: | All right. Just a second. The evidence through Det. [sic] Teed tells me that you [Maldonado] mixed some paints with some chemicals that ate away at the surface. You were aware of that, right? |
| [Maldonado]: | Yes, sir. |
| The Court: | Why would you do that? |
| [Maldonado]: | The purpose of that wasn't really to make it eat the surfaces. I wouldn't use paint thinner to thin the paint. The brake fluid would work just as good and it was cheaper. That was the real purpose of using the brake fluid, was to thin the thick paint. |
| The Court: | But you knew that it would eat the surface, right? |
| [Maldonado]: | It – Yeah, I did. |
| The Court: | And you still did it anyway? |
| [Maldonado]: | Yes, sir. |
| The Court: | Knowing that it would cause tremendous damage to whose ever property was tagged? |
| [Maldonado]: | Yes, sir. |
| The Court: | You still did it? |
| [Maldonado]: | Yes, sir. |

8

Maldonado did not object to the trial court's questions. *See* TEX. R. APP. P. 33.1(a); *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.–Texarkana 1995, no pet.) (providing that if the appellant did not object at trial, the trial court's statements may not be subsequently challenged unless they are fundamentally erroneous) (citing *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978)).

Due process requires a neutral and detached hearing body or officer. *Burmit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S.778, 786 (1973)). However, a trial judge has broad discretion in maintaining control of and expediting a trial, and may clear up a point of confusion. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Here, even assuming that Maldonado had objected to the trial court's questions, the trial court asked the questions to clarify the witness's testimony; therefore, the questions were permissible. *See id.*; *Brewer*, 572 S.W.2d at 721; *Velasquez v. State*, 815 S.W.2d 842, 846 (Tex. App.–Corpus Christi 1991, no pet.) ("[I]t has been well-established in Texas . . . that the trial judge himself may ask questions of a witness in order to clarify an issue or to obtain a clearer idea of the merits of the case, as long as the judge maintains an impartial attitude when addressing such questions."); *Silva v. State*, 635 S.W.2d 775, 778 (Tex. App.–Corpus Christi 1982, pet. ref'd) (providing that "it is permissible for the judge to ask questions to clarify a witness' testimony"). Moreover, the trial court did not become so entangled as an advocate that it could not, at the end of the proceeding, make an objective finding. *See Moreno*, 900 S.W.2d at 360. The trial court's questions do not indicate that it abandoned its proper role as a neutral arbiter by becoming an advocate for the State. *See Bethany v. State*, 814 S.W.2d 455,

462 (Tex. App.–Houston [14th Dist.] 1991, pet. ref'd) (providing that fundamental fairness is lost when the trial court abandons its position as a neutral arbiter and assumes the role of advocate); *see also Burmit*, 206 S.W.3d at 645 (holding that the trial court's comments did not reflect bias, partiality, or that the trial judge did not consider the full range of punishment).  Therefore, we conclude that the trial court did not violate Maldonado's due process rights when he questioned Detective Teed and Maldonado.  Maldonado's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 5th day of March, 2009.