NUMBER 13-08-00440-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JESUS MALDONADO, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Jesus Maldonado, entered an open plea of guilty to attempted tampering
with or fabricating physical evidence. See Tex. Penal Code Ann. § 37.09 (Vernon Supp.
2008). After a hearing on punishment, the trial court sentenced Maldonado to two years'
confinement and assessed a $2,000 fine. By two issues, Maldonado contends that his
counsel rendered ineffective assistance and that he was denied due process. We affirm.

I. Background

 As this is a memorandum opinion, and the parties are familiar with the facts, we will
not recite them here except as necessary to explain the Court's decision and the basic
reasons for it. See Tex. R. App. P. 47.4.

II. Ineffective Assistance of Counsel

 By his first issue, Maldonado contends that trial counsel provided ineffective
assistance at his punishment hearing. Specifically, Maldonado complains of the following: 
(1) trial counsel failed to object to the introduction of an extraneous offense; (2) trial
counsel failed to object to the State's "prejudicial statements" and "prejudicial argument";
and (3) trial counsel was ineffective "due to the cumulative effect of trial counsel's failure
to object."

A. Standard of Review and Applicable Law

 Claims of ineffective assistance of counsel are evaluated under the two-part test
articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Goodspeed v.
State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). The Strickland test requires a
showing by appellant that counsel's performance was deficient or, in other words, that
counsel's assistance fell below an objective standard of reasonableness. Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); see Strickland, 466 U.S. at 689, 694. 
After demonstrating deficient assistance, he must then show that there is a reasonable
probability that, but for counsel's errors, the result would have been different. Thompson,
9 S.W.3d at 812; see Strickland, 466 U.S. at 689, 694. In determining the validity of
appellant's claim of ineffective assistance of counsel, "any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight." Thompson, 9
S.W.3d at 813.

B. Discussion

 Maldonado first argues that trial counsel's representation fell below an objective
standard of reasonableness when he failed to object to Detective Ben Teed's testimony
that Maldonado was arrested for "tagging" after his arrest in the current case. Maldonado
appears to argue that trial counsel should have objected to the trial court's reliance on the
extraneous evidence in assessing punishment. See Tex. Code Crim. Proc. Ann. art.
37.07 § 3(a) (Vernon Supp. 2008).

 According to Detective Teed, investigators discovered that Maldonado was offering
to sell "graffiti paraphernalia." Based on the information found on Maldonado's "Myspace"
account, Detective Teed acquired a search warrant for Maldonado's residence and found,
among other things, markers, spray cans, and specially made paint in "Coke bottles." 
Detective Teed testified that "[j]ust the implements that we took out of the defendant's
[Maldonado] apartment on a table, a conference room table, was completely filled with it,
while we were logging evidence in. It was, in my experience, by far the most implements
that I've ever taken at one search warrant."

 Maldonado provided a voluntary statement wherein he "discussed his involvement
in the tagging, how he made his - his paint, how he sold it to other individuals. . . . " 
Detective Teed stated that Maldonado "talked about several locations which he tagged out
in the community. He talked about one down near the water, that on his My Space [sic]
he had drawn a huge 'OA' [Obscene Artists] and his tag name [Skrib]." Maldonado testified
that "Obscene Artists" was a title that he had "come up with." Several pictures processed
from a camera found in Maldonado's possession were admitted into evidence. These
pictures show the words "OA" and "Skrib" painted on poles, fences, and walls. Detective
Teed testified that Maldonado was arrested for "tagging OA [Obscene Artists]"
approximately one month after Maldonado was arrested for the offense in this case. 
Detective Teed stated that Maldonado "was involved in actually spraying the graffiti with
- I believe that there was four individuals altogether, but, yes, they had spray painted
graffiti." Maldonado admitted that he had been arrested again, but stated, "I was not
caught tagging."

 The trial court acts as the finder of fact when it assesses punishment. Williams v.
State, 958 S.W.2d 844, 845 (Tex. App.-Houston [14th Dist.] 1997, pet. ref'd). Under article
37.07, section 3(a), evidence of extraneous acts may be admissible during the punishment
phase of a trial if the trial court determines that the evidence is relevant and that the
extraneous act "is shown beyond a reasonable doubt by evidence to have been committed
by the defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime or act." Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(a). Extraneous-offense evidence is admissible for
any relevant purpose at punishment if the fact-finder is satisfied beyond a reasonable
doubt that the extraneous offenses or bad acts are attributable to the defendant. Huizar
v. State, 12 S.W.3d 479, 481 (Tex. Crim. App. 2000); Williams, 958 S.W.2d at 845; see
Tex. Code Crim. Proc. Ann. art. 37.07 §3(a). The court of criminal appeals has interpreted
article 37.07, section 3(a) to "require the burden of proof to be applied to a defendant's
involvement in the act itself, instead of the elements of a crime necessary for a finding of
guilt." Haley v. State, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). "[T]he statutorily
imposed burden of proof beyond a reasonable doubt does not require the offering party
to necessarily prove that the act was a criminal act or that the defendant committed a
crime." Id.

 To show ineffective assistance of counsel based on the failure to object, Maldonado
must show that the trial court would have committed error in overruling the objection. See
Ex parte White, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004). Maldonado asserts that "no
evidence was introduced showing, beyond a reasonable doubt, that [he] had committed
a subsequent offense." However, as set out above, Detective Teed's testimony
demonstrated that the extraneous offense was attributable to Maldonado. See Huizar, 12
S.W.3d at 481; Williams, 958 S.W.2d at 845; Haley, 173 S.W.3d at 515. Therefore,
Maldonado has not shown that the trial court would have erred if it had overruled such an
objection. White, 160 S.W.3d at 53 (finding trial counsel not deficient by failing to object
to admissible testimony). Accordingly, trial counsel's failure to object to the trial court's
reliance on the extraneous offense in assessing punishment cannot constitute the basis
of a claim of ineffective assistance of counsel. See id.

 Maldonado next argues that trial counsel was ineffective by not objecting to the
State's "prejudicial statements" and "prejudicial arguments." He complains that trial
counsel should have objected when the State asked him, "Do you read the letters to the
editor when judges have given these probations and citizens of our community say they
shouldn't be given probation, at all, they should be sending these people to jail." 
Maldonado asserts the State's question is prejudicial; however, he does not provide a clear
and concise argument with citation to appropriate authority supporting his assertion. See
Tex. R. App. P. 38.1(i). Furthermore, the record in this case is silent regarding counsel's
explanation for his conduct; therefore, it is insufficient to overcome a presumption of
reasonableness. See Goodspeed, 187 S.W.3d at 392.

 Maldonado further complains that trial counsel should have objected to several
remarks made by the State during closing argument. However, failing to object to a portion
of the State's closing argument is generally an inherently tactical decision that is "made
based on the way a trial is unfolding, the trial strategy employed, the experience and
judgment of the defense attorney, and other factors." Taylor v. State, 947 S.W.2d 698,
704 (Tex. App.-Fort Worth 1997, pet. ref'd.) (per curiam). Moreover, again, the record in
this case does not include counsel's explanation for his conduct; therefore, it is insufficient
to overcome a presumption of reasonableness. See Goodspeed, 187 S.W.3d at 392.

 Finally, citing numerous incidents where Maldonado claims trial counsel failed to
object, he complains that the "cumulative effect of trial counsel's failure to object to the
State's repeated injection into the record of prejudicial matters, together with his prejudicial
closing argument had the cumulative effect of denying [Maldonado] any counsel at all." 
However, when the record is silent regarding the motivation of counsel's tactical or strategic
decisions, there is a strong presumption that counsel acted reasonably. See Mallet v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001) (citing Thompson, 9 S.W.3d at 814);
Johnson v. State, 233 S.W.3d 109, 116 (Tex. App.-Houston [14th Dist.] 2007, no pet.)
(concluding, absent a contrary showing in the record, that counsel's failure to object to the
State's argument was part of a valid, considered trial strategy); Henderson v. State, 704
S.W.2d 536, 538 (Tex. App.-Houston [14th Dist.] 1986, writ. ref'd) (providing that not
objecting to prosecutor's opening statement could have been trial strategy and that failure
to object to every introduction of improper evidence or questioning does not indicate
ineffective assistance); see also Strickland, 466 U.S. at 689. Because the record in this
case does not include counsel's explanation for his conduct, it is insufficient to overcome
a presumption of reasonableness. See Goodspeed, 187 S.W.3d at 392. Maldonado has
not established that trial counsel was ineffective; therefore, we overrule his first issue.

III. Due Process Rights

 By his second issue, Maldonado contends that his due process rights were violated
because the State "obliterated the line between the State as advocate and the State as a
witness." Specifically, Maldonado claims that the State violated his due process rights by
(1) making statements "which were outside the record", and (2) attempting to "insert
harmful and prejudicial matters into the record." Maldonado has not, however, provided
a clear and concise argument for his contention with appropriate citations to authorities. 
See Tex. R. App. P. 38.1(i). Furthermore, Maldonado did not raise objections to the State's
actions in the trial court, about which he now complains. Therefore, he has not preserved
this contention for our review.

 By a sub-issue, Maldonado contends that he was denied due process "due to the
trial court's lack of neutrality." Specifically, Maldonado argues that the trial court
"abandoned its impartiality" when it questioned Detective Teed and Maldonado.

 At the punishment hearing, the trial court asked Detective Teed, "Did I hear you
right, in you're saying that after you talked to him [Maldonado], after you arrested him and
apparently he bonded out, that he was arrested again, for tagging a place?" Detective
Teed responded affirmatively. The trial court then asked, "And he was spraying or doing
stuff like that?" Detective Teed stated that Maldonado was "spraying the graffiti." After
Maldonado testified, the following exchange occurred:

 The Court: All right. Just a second. The evidence through Det.
[sic] Teed tells me that you [Maldonado] mixed some
paints with some chemicals that ate away at the
surface. You were aware of that, right?


 [Maldonado]: Yes, sir.


 The Court: Why would you do that?


 [Maldonado]: The purpose of that wasn't really to make it eat the
surfaces. I wouldn't use paint thinner to thin the paint. 
The brake fluid would work just as good and it was
cheaper. That was the real purpose of using the brake
fluid, was to thin the thick paint.


 The Court: But you knew that it would eat the surface, right?


 [Maldonado]: It - Yeah, I did.


 The Court: And you still did it anyway?


 [Maldonado]: Yes, sir.


 The Court: Knowing that it would cause tremendous damage to
whose ever property was tagged?

 

 [Maldonado]: Yes, sir.

 

 The Court: You still did it?

 

 [Maldonado]: Yes, sir.


Maldonado did not object to the trial court's questions. See Tex. R. App. P. 33.1(a);
Moreno v. State, 900 S.W.2d 357, 359 (Tex. App.-Texarkana 1995, no pet.) (providing that
if the appellant did not object at trial, the trial court's statements may not be subsequently
challenged unless they are fundamentally erroneous) (citing Brewer v. State, 572 S.W.2d
719, 721 (Tex. Crim. App. 1978)).

 Due process requires a neutral and detached hearing body or officer. Burmit v.
State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing Gagnon v. Scarpelli, 411
U.S.778, 786 (1973)). However, a trial judge has broad discretion in maintaining control
of and expediting a trial, and may clear up a point of confusion. Jasper v. State, 61 S.W.3d
413, 421 (Tex. Crim. App. 2001). Here, even assuming that Maldonado had objected to
the trial court's questions, the trial court asked the questions to clarify the witness's
testimony; therefore, the questions were permissible. See id.; Brewer, 572 S.W.2d at 721;
Velasquez v. State, 815 S.W.2d 842, 846 (Tex. App.-Corpus Christi 1991, no pet.) ("[I]t
has been well-established in Texas . . . that the trial judge himself may ask questions of
a witness in order to clarify an issue or to obtain a clearer idea of the merits of the case,
as long as the judge maintains an impartial attitude when addressing such questions.");
Silva v. State, 635 S.W.2d 775, 778 (Tex. App.-Corpus Christi 1982, pet. ref'd) (providing
that "it is permissible for the judge to ask questions to clarify a witness' testimony"). 
Moreover, the trial court did not become so entangled as an advocate that it could not, at
the end of the proceeding, make an objective finding. See Moreno, 900 S.W.2d at 360. 
The trial court's questions do not indicate that it abandoned its proper role as a neutral
arbiter by becoming an advocate for the State. See Bethany v. State, 814 S.W.2d 455,
462 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd) (providing that fundamental fairness
is lost when the trial court abandons its position as a neutral arbiter and assumes the role
of advocate); see also Burmit, 206 S.W.3d at 645 (holding that the trial court's comments
did not reflect bias, partiality, or that the trial judge did not consider the full range of
punishment). Therefore, we conclude that the trial court did not violate Maldonado's due
process rights when he questioned Detective Teed and Maldonado. Maldonado's second
issue is overruled.

IV. Conclusion

 We affirm the trial court's judgment.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of March, 2009.